GULF & S. I. R. R. Co. *v.* ALLEN.*

(Division A.   Jan. 10, 1927.)

[110 So. 844.   No. 25886.]

1. RAILROADS.   *Owner of land adjacent to right of way held not entitled to statutory damages for railroad's failure to maintain stock gaps and cattle guards (Hemingway's Code, section 6686.)*

Owner of land lying adjacent to one side of railroad company's right of way *held* not to come within Code 1906, section 4058 (Hemingway's Code, section 6686), and not entitled to recover statutory penalty for railroad's failure to construct and maintain all necessary or proper stock gaps and cattle guards where track passes through inclosed land.

2. RAILROADS. *Railroad is not required to extend cattle guard across vacant lands owned by it adjacent to right of way* (*Hemingway's Code, section* 6686).

　　Railroad *held* not required, under Code 1906, section 4058 (Hemingway's Code, section 6686), to extend cattle guard or protection across vacant lands owned by it, which are adjacent to its right of way, which is not shown to be occupied or used in any useful way for railroad operations or purposes.

*Corpus Juris-Cyc. References: Railroads, 33Cyc, p. 316, n. 15; p. 317, n. 26 New; On duty of railroad company to keep its cattle guards in condition, see annotation in 36 L. R. A. (N. S.) 998; L. R. A. 1915B, 134; I R. C. L. 1181; 1 R. C. L. Supp. 357; 5 R. C. L. Supp. 63.

APPEAL from circuit court of Lawrence county.

HON. J. Q. LANGSTON, Judge.

Action by Thomas E. Allen against the Gulf & Ship Island Railroad Company. Judgment for plaintiff, and defendant appeals. Reversed and judgment rendered.

*T. J.* and *Lester E. Wills,* for appellant.

I.   This is an action brought under section 6686, Hemingway's Code (section 4058, Code of 1906), requiring the railroad company to construct and maintain all necessary or proper stock gaps and cattle guards where its track passes through enclosed land. Appellant railroad company owns a narrow triangular strip of right of way in the southwest quarter, being fifty feet wide at its southern boundary and narrowing to a point about one hundred yards north, as the course of the road bears to the east. This triangular strip of land was conveyed to appellant by the same deed under which it acquired its right of way. The evidence shows that appellant thus owned about five or six acres not used as right of way and contained in this triangular strip west of its right of way.

The deed granting to appellant its right of way across the northeast and southeast quarters contained a covenant in the following words: "It is further agreed that

the said M. L. Polk (grantor in the deed) shall build and maintain a fence along said right of way between the railroad and his property." A portion had once been fenced but that fence is now down. The northeast and southwest quarters do not have any fences separating them from the right of way.

In the year 1924 appellee requested appellant to build and maintain stock gaps at the northern and southern boundaries of the quarter section and where its track crossed the line dividing the northern half from the southern half.

Railroad companies were not required to build or maintain stock gaps or cattle guards in any event before legislation was enacted on the subject. The right to enter enclosed land and erect a railroad on the right of way acquired was one of the rights paid for in the purchase of the right of way itself. *Southern Ry. in Miss.* v. *Murrell,* 78 Miss. 446, 28 So. 824; *Vicksburg & Meridian R. R. Co.* v. *Dickerson,* 61 Miss. 119.

If the land had to be condemned, the cost of fencing the land on each side of the right of way was considered as an element of damages. The statute in question, by placing upon the railroad company the duty of erecting and maintaining stock gaps and cattle guards, eliminated this element of damage. *Kansas City, Memphis & Birmingham R. R. Co.* v. *Spencer et al.,* 72 Miss. 491, 17 So. 168.

To secure to the adjacent landowner or grantor of the right of way, the faithful performance of the duty thus imposed a severe penalty was prescribed. Thus we are confronted with a duty derived wholly from statute enforcible by a severe penalty which would result in requiring the courts to construe the statute strictly whenever the same is brought before them for construction or interpretation. *Kansas City, Memphis & Birmingham R. R. Co.* v. *Spencer, supra; Southern Ry. in Miss.* v. *Murrell, supra; Y. & M. V. R. R. Co.* v. *Anderson,* 76 Miss. 582, 25 So. 295; *Gibbons* v. *Y. & M. V. R. R. Co.,* 35 So. 5.

Section 6682, Hemingway's Code (section 3561, Code of 1892) with the following exception, section 3561, Code of 1892, reading as follows: "It is the duty of every railroad to construct and maintain all necessary or proper stock gaps and cattle guards where its track passes through enclosed land; and to make and maintain convenient and suitable crossings over its track for necessary plantation roads. For any failure so to do, the railroad company shall be liable to pay two hundred fifty dollars to be recovered by the person interested."

In addition to this, section 6686, Hemingway's Code (section 4058, Code of 1906) contains the following: "A person owning or having an interest as cropper or tenant in land in said enclosure shall have a right of action under this section whether the land of such person is entered or traversed by said track or not; and this section shall apply to all enclosed land, whether said land is or may be situated in a county or district where the stock law is or may be enforced or not. But such penalty shall not be cumulative and only one recovery shall be had for each failure."

The burden placed upon the railroad company by section 3561, Code of 1892, is not increased except as to lands situated in stock-law districts; where presumably no duty existed before the amendment. The duty imposed by the Code of 1892 as to enclosed lands is the same as under Code 1906 and 1917. Except as above noted the only change brought about is that anyone who owns or rents lands in an enclosure shall have a right of action. In other words, the duty is no greater but the penalty is more extensive. The question is, therefore, confined to whether or not appellee could recover under the Code of 1892.

In the case of *Railroad Co.* v. *Jones, supra,* recovery was denied to one owning land within an enclosure entered by the right of way, but where plaintiff's land was not entered. This case was upheld in the case of *Railroad* v. *Murrell, supra;* and to the same effect, see *Rail-*

*road* v. *Spencer, supra.* If the plaintiffs in the above cases, being tenants, could not recover, neither could they have recovered had they been the owners in fee of the leased premises. *A. & V. R. R. Co.* v. *Ligon,* 74 Miss. 176, 20 So. 988.; *Southern Ry., etc.,* v. *Murrell; supra.* It is elementary that no legal right can exist without a corresponding remedy to protect it nor a duty without an action to enforce it *Pierce* v. *Proprietors of Swan Point Cemetery,* 14 Am. Rep. 667 at 679.

Manifestly, plaintiffs Murrell, Jones and Spencer in the cases above could not demand the stock gaps as a matter of right. The railroad company owed them no duty. In the instant case no land of any person is entered; consequently, there can be no recovery. The land in question is not within the statute; hence, no duty existed. There being no duty to act, there can be no recovery for failure to act. *Miss. R. R. Commission* v. *I. C. R. R. Co.,* 113 Miss. 92, 73 So. 878.

II. Before appellee would be entitled to the stock gaps and cattle guards by the plain and unequivocal terms of the statute, the land involved must be enclosed land. To enclose this land, it would be necessary for appellee to trespass upon the land of appellant. We submit that under this state of facts appellant was under no duty to build the gaps and it was impossible for appellee to subject appellant to any such duty. *Y. & M. V. R. R. Co.* v. *Sallis,* 89 Miss. 636, 42 So. 202.

III. We have already seen that the former owner of the land in question in granting unto appellant its right of way across the lands in question, covenanted to build and maintain a fence along the east line of the right of way. This covenant is a covenant running with the land and binds appellee as being a grantee of the covenantor. But regardless of whether or not the covenant runs with the land, appellee is in no better position than his grantor. *G. & S. I. R. R. Co.* v. *Chapman,* 102 Miss. 778, 59 So. 889.

IV. A covenant made by the grantor or grantee in or at the time of the conveyance of land and relating to it runs with the title and will inure to the benefit of lessees, grantees or other persons in privity with the covenantee and will bind the grantee or assignee of the covenantor. *Brewer* v. *Marshall,* 18 N. J. Equity 337; *Horn* v. *Miller,* 136 Pa. St. 640, 20 Atl. 706, 9 L. R. A. 810; *Savage* v. *Mason,* 57 Mass. 500.

The word "conveyed," as used in a deed in Mississippi, is sufficient to convey all the interests that the grantor has in the land without any recitation of them. *Hart* v. *Gardiner,* 74 Miss. 153, 20 So. 877.

The covenant in the present case was one which would release appellant from the duty imposed by law. It divested the owner of the land of a right he previously had as owner. This right could not pass to his grantee, appellee here; but appellee must be considered bound by the covenant, as a covenant running with the land. *Midland R. R. Co.* v. *Fisher,* 125 Ind. 19, 24 N. E. 756, 9 L. R. A. 604; *Lake Erie & Western R. R. Co.* v. *Priest,* 131 Ind. 413, 31 N. E. 77; *Hickey* v. *Lake Shore & M. S. Ry. Co.,* 51 Ohio St. 40, 36 N. E. 672, 23 L. R. A. 396; *Chicago, etc., R. R. Co.* v. *Dodds & Johnson,* 167 Ky. 624, 181 S. W. 666.

*C. E. Gibson* and *E. O. Sykes,* for appellee.

We have no quarrel with the Mississippi cases construing section 6686, Hemingway's Code (section 4058, Code of 1906). We agree with counsel for the appellant that the statute itself is perfectly plain and unambiguous and that this penalty is recoverable whenever the railroad company fails to construct and maintain proper stock gaps and cattle guards where its track passes through enclosed land.

In this particular case the testimony shows that this entire quarter section was enclosed. It shows that each of Allen's forty acres was under a separate enclosure,

and that the railroad not only entered this one hundred sixty acres of land, but also entered and passed through each of the forties of this appellee which were enclosed.

Of course, if appellee's lands were not entered by the railroad company he would have no right of action, unless he was under the general enclosure provided for in this section. In this case, however, the railroad enters and passes through a part of each forty owned by the appellee. Its right of way adjoins the land of the plaintiff on the east and is actually a part of the southwest forty. Likewise, is this same fact true of the northern exit on the northeast forty.

The fact that the railroad company owns the triangular strip of land somewhat wider than its right of way in no wise alters the situation. If we be mistaken, however, upon this question, then we submit with confidence that under the latter part of this section which gives a cause of action to any person owning land within the general enclosure, we can maintain this suit. The general enclosure in this instance is the entire quarter section of this land.

The appellant has a good deal to say about the triangular strip of land owned by it west of its track. We must confess that we fail to appreciate this argument; by its ownership it acquires no sacred right whereby it is relieved from obeying the statute. This land is really a part of the right of way. It does not make any difference whether this is fifty feet on each side of the center of the track or one hundred and fifty feet. The railroad must run these stock gaps and cattle guards to the termini on either side of its land so that the landowners may run their fences up to that point. There is nothing in the statute which only requires that these cattle guards run only fifty feet. *Grace* v. *R. R. Co.*, 25 So. 875, settles all these questions in favor of the appellee. Counsel contend that the deed conveying the right of way contains the land and is, therefore, binding on all subsequent purchasers thereof.

It is our contention that this is but a collateral under-
taking on the part of Mr. Polk which is purely personal
and in no sense of the word a covenant real. *G. & S. I.
R. R. Co.* v. *Chapman,* 102 Miss. 778. The leading de-
cision upon this subject is Spencer's case, 15 English
Ruling Cases, 233. See, also, *Chaplin* v. *Brixcoe,* 11 S. &
M. 372.

The agreement of Mr. Polk to build this fence is pure-
ly a personal collateral undertaking on his part and is
not binding on the subsequent owners of this land.

Argued orally *T. J. Wills,* for appellant and *E. O.
Sykes,* for appellee.

COOK, J., delivered the opinion of the court.

This is an action brought under section 4058, Code of
1906 (section 6686, Hemingway's Code), to recover the
statutory penalty of two hundred fifty dollars for a
failure to construct and maintain proper stock gaps and
cattle guards where the track of the appellant railroad
company passes through the inclosed land of the appel-
lee, and also to recover two hundred fifty dollars actual
damages to the plaintiff's crops caused by the depreda-
tion of stock and cattle thereon. There was a verdict
and judgment for the plaintiff for the statutory penalty
and also two hundred fifty dollars actual damages, and
from this judgment the railroad company has prosecuted
this appeal.

The land involved in this controversy lies in the north-
west quarter of secton 22, township 7, range 20 west, in
Lawrence county, Miss., and the appellee owns all the
northeast and southwest quarters of this quarter section,
except the parts thereof that belong to the railroad com-
pany. The appellant's railroad enters this quarter sec-
tion on the southern boundary thereof at the corner be-
tween the southeast quarter and the southwest quarter
of the quarter section; this corner being in the center

of the track. The railroad's right of way is one hundred feet wide, thus making the said right of way extend fifty feet west from the said southeast corner of the southwest quarter of said quarter section. The railroad runs in a general northeasterly direction through this quarter section, and consequently its right of way passes out of the said southwest quarter thereof a short distance north of the southeast corner of this forty acres; the portion of the right of way which lies in the said southwest quarter being in the form of a triangle in the southeast corner of this forty acres. As the said right of way continues in a northeasterly direction through the southeast quarter of the northwest quarter, it leaves a triangular piece of land in this forty acres, which is west of the right of way and in the northwest corner thereof, and which contains approximately five acres. At the time the appellant purchased its right of way through this forty-acre tract, it also purchased this triangular piece of land; the description in the deed reading as follows:

"The strip of land one hundred feet wide, being fifty feet on each side of the center line of the railroad of said company, as the same is now surveyed and to be located across the following described lands situated in Lawrence county, to-wit: Southeast quarter of northwest quarter and the northwest quarter of southwest quarter, section 22, township 7, range 20 west; and all that part of the southeast quarter of northwest quarter lying west of said right of way containing in all five and ninety-five one-hundredths acres more or less."

As the appellant's right of way continues in a northeasterly direction through the northeast quarter of northwest quarter of said section 22, it leaves a considerable acreage in this forty lying west of the said right of way. When the appellant purchased its right of way across this forty-acre tract, from the appellee's predecessor in title, it also purchased all that portion of said forty acres which lies west of the right of way, the description in the deed conveying the same being as follows:

"The strip of land one hundred feet wide being fifty feet from the center line of the railroad of said company, same is now surveyed and to be located across the following described land situated in Lawrence county, Mississippi, to-wit: Northeast quarter of northwest quarter and southwest quarter of northwest quarter, section 22, township 7, range 20 west, and also all that part of the northeast quarter of northwest quarter lying west of the above-mentioned right of way. It is further agreed that the said M. L. Polk shall build and maintain a fence along said right of way between the railroad and his property."

The statute upon which this suit is based is section 4058, Code of 1906 (section 6686, Hemingway's Code), which reads as follows:

"It is the duty of every railroad company to construct and maintain all necessary or proper stock gaps and cattle guards where its track passes through inclosed land; and to make and maintain convenient and suitable crossings over its track for necessary plantation roads. For any failure so to do, the railroad company shall be liable to pay two hundred and fifty dollars, to be recovered by the person interested. A person owning or having an interest as cropper or tenant in land in said inclosure shall have a right of action under this section, whether the land of such person is entered or traversed by said track or not; and this section shall apply to all inclosed land, whether said land is or may be situated in a county or district where the stock law is or may be in force or not. But such penalty shall not be cumulative, and only one recovery shall be had for each failure."

In order for the penalty prescribed by the section to be recovered, the right of way and track of the railroad company must either pass through inclosed land of the claimant, or the person claiming the penalty must own, or have interest as cropper or tenant in, land in a common inclosure through which the track of the railroad company passes. The facts in the case at bar do not

bring it within either of the conditions necessary to sustain a recovery. The track of the appellant railroad company does not, within the purview of this statute, pass through any of the inclosed land of the appellee. The appellee's land lies adjacent to, alongside of, and fronts on, one side of the railroad company's right of way, but at no point does the appellee own land upon both sides of the railroad track, or does the track pass through inclosed land belonging to the appellee.

The testimony shows that there is a fence around all of the northwest quarter of the said section 22, except on the north boundary line thereof, across the one hundred-foot right of way and the acreage which the appellant company owns west of and adjoining this right of way. In the cases of *Railroad Co.* v. *Spencer,* 72 Miss. 491, 17 So. 168, and *Grace* v. *Gulf & Chicago R. Co.* (Miss.), 25 So. 875, it was held that a proper cattle guard is one extending across the entire width of the right of way, and if it can be said that, in the construction of proper cattle guards, it is the duty of a railroad company to extend a fence or protection to the farthest limits of land owned by it adjacent to and adjoining its right of way, although such land is not actually occupied or used, or in any manner useful, for railroad purposes, then the lands of the appellee are within a common inclosure such as would entitle him to maintain an action for this penalty. With the exception of section 4092, Code of 1906 (section 6721, Hemingway's Code), which authorizes railroad corporations to enter upon, acquire, and enjoy a right of way of not exceeding one hundred feet in width across any lands belonging to the state, we have no statute that limits the width of a right of way that a railroad company may acquire or use to one hundred feet, but it does not follow from this that all lands owned by a railroad company which are adjacent to the right of way actually occupied and used by such company shall be considered a part of the right of way within the purview of this statute. The deeds under which the appellant company ac-

quired its right of way through this quarter section, and also the acreage adjoining, designates the width of the right of way as being one hundred feet, and there is no evidence that any part of this acreage adjacent to the designated right of way, which the appellant owned, was occupied or used, or in any way useful, for railroad operations or purposes, or that it was in any sense a part of the right of way. We do not think the statute requires the appellant to extend a cattle guard or protection across the vacant lands owned by it which are adjacent to its right of way, thereby completing a common inclosure around the entire quarter section, and consequently the peremptory instruction requested by the appellant should have been granted.

Reversed, and judgment here for appellant.

*Reversed.*